No. 62878.—Royal Blueprint Co. and Hoyt, Shepston & Sciaroni *v.* United States, protest 272463–K (San Francisco).

RAO, Judge:   Plaintiff Royal Blueprint Co. is the importer of certain so-called bromide blue cloth, which was assessed with duty at the rate of 20 per centum ad valorem, pursuant to the provision in paragraph 907 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, for tracing cloth.

It is claimed in the protest filed herein, or by amendment thereto, that the cloth in question is dutiable either at the rate of 10 per centum ad valorem, as filled or coated cotton cloths, not specially provided for, within the purview of said paragraph 907, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, or at the rate of 12½ per centum ad valorem, by reason of its similitude to the sensitized paper provided for in paragraph 1405 of said act, as modified by said General Agreement on Tariffs and Trade.   Plaintiffs also invoke, as applicable to the instant importation, the provisions of paragraph 924 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, *supra*, whereby an additional duty of 5 cents per pound is imposed on articles composed of cotton having a staple of 1⅛ inches or more in length.

As to this latter contention, the testimony of a duly qualified chemist, employed by plaintiffs for the purpose of ascertaining the staple length of the cotton in the imported cloth, establishes beyond question that the bulk of the fiber in the sample of the cloth which he examined measured longer than 1⅛ inches.

The record also reveals that bromide blue cloth is a fabric coated with a photographic emulsion, a translucent waxlike substance, which is designed for the reception of an image projected through a lens under a strong light.   After the fabric is exposed, it is subjected to a developing solution and a fixing solution, and, when washed and dried, it becomes a finished print.   Depending upon the photographic method, the image may be reproduced either in its original size, or larger, or smaller.   The finished cloth prints are used by architects and designers as file copies, since they are more durable than paper.

Witnesses for the plaintiffs who were familiar with bromide blue cloth knew of no other use for it than as above indicated.   In their opinion, it differs from tracing cloth in that, in the use of the latter, pen or pencil drawings are made directly upon the cloth, and the finished drawings are used to produce additional copies, as well as for file copies.

Plaintiffs introduced various samples to illustrate the instant cloth in its condition as imported (plaintiffs' exhibits 1 and 1A) ; in its condition after exposure to light (plaintiffs' exhibit 2) ; and in its condition after having been developed (plaintiffs' exhibit 3).   There is also in evidence, as plaintiffs' exhibit 4, a sample of tracing paper upon which a design has been drawn.

Plaintiffs allude to the differences in processing and in ultimate use to distinguish bromide blue cloth from tracing cloth.   It is asserted that tracing cloth, upon which a design is made by physical or mechanical action and the use of a pen, pencil, or stylus, "serves as a master copy from which working prints are made," whereas the instant cloth, upon which a design is produced by a photographic process, is, itself, "a working print and is not used as an intermediary in producing other copies."   This interpretation accords with the following definitions, which are called to our attention :

Webster's New International Dictionary, unabridged, second edition:

Tracing Cloth, n. A fine transparent linen or cotton cloth, sized on one side, used by architects, designers, etc., for making tracings.

Trace, v. To copy, as a drawing, engraving, or manuscript, by following the lines or letters as seen through a transparent sheet superimposed on the original. To impress or imprint (a design, pattern, etc.) as with a tracer; also to make an imprint of such a design, etc., for (a fabric, metal, etc.).

Tracing, n. * * * That which is traced, or marked out. A copy of a pattern or design made on a transparent sheet superimposed on an original or by use of transfer paper.

Funk & Wagnalls New Standard Dictionary:

Tracing, n. * * * That which is traced; specif., a mechanical reproduction of a drawing effected by the use of tracing paper or—linen.

Trace, v. * * * To copy, as a drawing, in the same size on a superimposed transparent sheet, as of oiled paper or linen; make a tracing of.

Summaries of Tariff Information, 1948, volume 9, at page 49, as follows:

Tracing cloth is a smooth semitransparent fabric made from plain-woven fineyarn cotton cloth by filling and coating; it is glazed on one side but dull-finished on the other so as to take ink without blurring. It is used by drafts-men, architects, and engineers in duplicating drawings. The tracing cloth is placed upon the drawing and the lines traced on the cloth with drawing ink; the cloth with the tracing on it is then placed over blueprint paper and exposed to sunlight, or to high-power artificial light, in order to obtain blueprint reproductions.

It seems clear from the instant record that bromide blue cloth is not a material for making copies or tracings, but rather a material upon which copies or photographs are made. Its only function in the reproduction of a design is to reflect the image, photographed upon it. It does not and can not serve as the vehicle through which further reproductions are made possible. Accordingly, it is not tracing cloth within the contemplation of paragraph 907, as modified by T.D. 51802, *supra.*

Inasmuch as the evidence that the instant cloth has been coated with a bromide photographic emulsion, "a translucent waxlike substance," has not been controverted, we are of opinion that it is plainly described by that portion of paragraph 907, as modified by T.D. 52739, *supra,* which provides for filled or coated cotton cloths, not specially provided for. Under such circumstances, there can be no question of classification by similitude to sensitized paper or any other article specified in paragraph 1405, as modified, *supra,* since the similitude provisions of paragraph 1559, as amended by the Customs Simplification Act of 1954, may only be invoked in the absence of any enumerated designation.

By reason of the foregoing considerations, we find and hold that the subject bromide blue cloth is dutiable, as claimed, at the rate of 10 per centum ad valorem. within the provisions of paragraph 907, as modified by T.D. 52739, *supra,* for filled or coated cotton cloths, not specially provided for, plus the additional duty of 5 cents per pound required to be imposed by the provisions of paragraph 924, as modified by T.D. 51802, *supra,* for articles composed of cotton having a staple length of 1⅛ inches or more.

Judgment will be entered accordingly.